NO. 07-08-0129-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 21, 2009

_____


ANDREW RUSSELL GOODRUM, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 10,060; HON. TOM NEELY, PRESIDING

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.


**MEMORANDUM OPINION**


Appellant, Andrew Russell Goodrum, was granted an out of time appeal by the Texas Court of Criminal Appeals to appeal his conviction for the offense of delivery of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams and subsequent sentence of confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of five years. Through two issues

appellant contends that 1) he was denied effective assistance of counsel and 2) that the State's attorney engaged in improper jury argument. We disagree and will affirm the trial court's judgment.

## Factual and Procedural Background

On October 16, 2000, appellant and Justin Walburg went to the home of Vicki Finch in Vernon, Texas. Finch had been working as a confidential informant for the Department of Public Service (DPS) since June of 2000. Upon arriving at Finch's residence, appellant and his companion were introduced to Randy Alsup and James Blake, both of whom were DPS narcotics officers. After a short time, Alsup and appellant went into a bedroom where they reached an agreement for Alsup to purchase methamphetamine from appellant. Appellant then left the residence to obtain the drugs and returned about 10 minutes later. Alsup and appellant again went into the bedroom and completed the transfer of the drugs. The State prosecuted the case as a straight hand to hand drug delivery. Throughout trial appellant contended that the delivery was as a result of entrapment by the State.

Appellant testified he obtained the drugs involved from Finch and that he was requested to make the delivery by Finch. Further, appellant stated that had she not pressured him into the actual delivery, he would not have been involved. Appellant admitted that he did, in fact, deliver the drugs to Alsup.

At the conclusion of the testimony on the issue of guilt or innocence, the trial court instructed the jury on the issue of entrapment. Both sides argued the issue in final arguments. By its verdict of guilty, the jury rejected the defense of entrapment.

2

After the jury returned a verdict of guilty, the State introduced two prior convictions of appellant. One for possession of a prohibited weapon and the other for unauthorized use of a motor vehicle. After considering the evidence, the jury sentenced appellant to five years confinement.

It is from this conviction and sentence that appellant appeals. Appellant asserts he was denied a fair trial due to ineffective assistance of counsel and because of improper jury argument by the State. We disagree for the reasons set forth below.

## Ineffective Assistance of Counsel

`When confronted with an ineffective assistance of counsel claim, we apply the two-pronged analysis set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (adopting Strickland as applicable standard under Texas Constitution).

Under the first prong of the Strickland test, an appellant must show that counsel's performance was "deficient." Strickland, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To be successful in this regard, an appellant "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Under the second prong, an appellant must show that the deficient performance prejudiced the defense. Id. at 687. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that,

3

but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Appellant must prove both prongs of Strickland by a preponderance of the evidence in order to prevail. Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000); McFarland v. State, 845 S.W.2d 824, 842 (Tex.Crim.App.1992).

Appellant alleges that his counsel was ineffective because trial counsel relied upon a non-existent defense, which appellant states was a "crazy" defense, instead of urging a defense recognized under Texas law. According to appellant's contention, his trial counsel should have placed more reliance on an entrapment defense. Further, appellant alleges that his counsel did not understand the burden of proof in asserting an entrapment defense.

Simply speaking, the record totally belies the allegations of appellant. From the beginning of voir dire and opening statements, appellant's trial counsel emphasized that his client was entrapped into committing this offense. The record is replete with statements by counsel to that effect. Further, a review of the questioning of the State's witnesses demonstrate that appellant was relying on entrapment. During the defense's portion of the evidence at the guilt/innocence stage, appellant's trial counsel placed Finch on the witness stand and spent several hours examining the witness on the various elements of an entrapment defense. At the conclusion of the evidence, the trial court gave a legally correct entrapment charge. In the final analysis we can find no support for appellant's allegation that his trial counsel raised some sort of "crazy" non-existent defense and failed to properly raise the entrapment defense. Accordingly, we find that appellant

4

has failed to demonstrate that trial counsel's performance was deficient.  <u>Strickland</u>, 466 U.S. at 687.  Therefore, appellant's first issue is overruled.

## Improper Jury Argument

Appellant next contends that the State improperly argued but fails to point out where in the record the alleged improper argument occurred.  Appellant generally alludes to alleged argument about the drugs in question possibly being ultimately consumed by a juror's children or grandchildren.   At the outset, we can find no objection to any argument that might be the basis of appellant's complaint.  It is axiomatic that in order to complain about a matter on appeal, an appellant must object at the time the issue arises at trial.  <u>See</u> Tex. R. App. P. 33.1(a)(1).  If the objection is not preserved for appeal, it is waived and nothing is preserved for appeal.  <u>Martinez v. State</u>, 91 S.W.3d 331, 336 (Tex.Crim.App. 2002).  Accordingly, appellant waived any issue regarding the State's argument and the issue is overruled.

## Conclusion

Having overruled appellants's issues, the trial court's judgment is affirmed.


Mackey K. Hancock
Justice

Do not publish.

5